## Commonwealth v. Glover

*Thur W. Young, District Attorney,* for Commonwealth.
*George B. Angell,* for defendant.

BROWN, *Specially Presiding,* February 9, 1981—The undersigned has been assigned to dispose of this case pursuant to assignment of the Pennsylvania Supreme Court dated July 11, 1980. At the present time there is before the court defendant's motion for dismissal which has as its basis the lack of a disposition of defendant's post-verdict motions within the time limits prescribed by Pa.R.Crim.P. 1122.

The procedural history of the case is somewhat involved. The charge of aggravated assault against defendant arose out of an incident occurring on April 22, 1976. After being bound over to court a jury trial was conducted on October 7, 1976 at which defendant was found guilty of the charge of aggravated assault. On October 13, 1976 a motion for new trial and in arrest of judgment was filed on behalf of defendant. However, following the transcription of the trial record, defendant's counsel by motion dated March 31, 1977 withdrew the aforesaid post-verdict motions and following the completion of a presentence investigation report, defendant was sentenced on April 21, 1977 by the Honorable Walter P. Wells to a term of imprisonment in a state institution.

On May 25, 1977 defendant's trial counsel withdrew from the case with defendant's present coun-

sel having previously entered an appearance on April 27, 1977. On May 23, 1977 counsel filed a motion to vacate defendant's sentence and on May 25, 1977 the Honorable Perry S. Patterson ordered that the sentence previously imposed be vacated for the purpose of allowing defense counsel to argue the post-verdict motions and to be present at sentencing in the event the said motions are denied.

The court docket does not indicate when oral arguments were held on the motions. However, counsel seemed to be in agreement that arguments were held during the summer of 1977 before the Honorable Walter P. Wells with no decision being rendered. Thereafter, a subsequent oral argument was held again before the Honorable Walter P. Wells during the spring or early summer of 1978 and no disposition was had.

At the oral arguments before the undersigned, defendant is relying upon Pa. R. Crim. P. 1122 which provides that "[a]ll motions for a new trial and motions in arrest of judgment shall be decided within thirty days after argument except under unusual circumstances." This court is obviously unable to determine why the post-verdict motions in question were not disposed of within thirty days as envisioned by Pa. R. Crim. P. 1122. However, the fact that two separate arguments were held before the court could conceivably suggest some complexity in the legal or factual aspects of the case.

However, assuming that there were no unusual circumstances to justify the nondisposition of the motions within 30 days, defendant has been unable to cite any authority which suggests that the appropriate remedy is a dismissal of charges. Until such a precedent is rendered by an appellate court, this court is reluctant to fashion such a result for a violation of the rule. Rather, in the interests of jus-

tice in considering both the Commonwealth's and defendant's rights, it would seem that the better practice in this case would be for the court to dispose of the post-verdict motions. In this regard it is to be noted that the trial transcript is available to the court as well as briefs submitted by counsel. In addition, the court will provide for supplemental oral arguments to be conducted to allow counsel the fullest opportunity to orally present their arguments.

## ORDER

And now, February 9, 1981, based upon the foregoing memorandum, it is hereby ordered that defendant's motion to dismiss be denied and that the matter be scheduled for oral arguments on defendant's post-verdict motions through the office of the Court Administrator, Court of Common Pleas of Potter County, Pennsylvania.